**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2697
_____

KIT B. LEE,
                    Appellant

v.

SUNRISE SENIOR LIVING, INC.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 09-cv-05720)
District Judge:  Honorable Anne E. Thompson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 9, 2011
Before:  JORDAN, HARDIMAN and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 22, 2011)
_____

OPINION
_____

PER CURIAM

        Kit Lee, proceeding pro se, appeals from the District Court's orders dismissing her

complaint and denying her motion for reconsideration.  Lee also appeals from the court's

orders denying her motions for summary judgment.  For the following reasons, we will

affirm.

I.

On November 9, 2009, Lee filed a complaint in the United States District Court for the District of New Jersey against Sunrise Senior Living, Inc. ("Sunrise") alleging employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. See 42 U.S.C. § 2000e et seq. Lee also asserted a state-law defamation claim.

Lee then committed a series of discovery violations. First, in March of 2010, while represented by counsel, Lee failed to timely answer Sunrise's interrogatories and document requests. Next, she "declin[ed Sunrise's] invitation" to depose her. On June 2, 2010, the District Court extended the discovery deadline and ordered Lee to respond to Sunrise's discovery requests by July 9, 2010. Lee failed to comply with this order and instead belatedly produced incomplete responses. Meanwhile, Sunrise continued to seek complete discovery responses and to schedule a deposition. In October 2010, Lee's attorney withdrew and Lee proceeded pro se.

In an effort to move the matter along, the Magistrate Judge held a telephone conference on November 18, 2010. At that time, she ordered Lee to attend a deposition at Sunrise's offices on December 16, 2010. Lee, however, refused to appear for the deposition. As a result, Sunrise incurred $1,556.39 of expenses which included the cost of an interpreter retained at Lee's request.

On January 14, 2011, the Magistrate Judge issued an Order to Show Cause why Lee should not be sanctioned, and her case dismissed, pursuant to Rule 37 of the Federal

Rules of Civil Procedure. At the show-cause hearing, Lee argued that, according to her reading of the Federal Rules of Civil Procedure, she was not obligated to obey the Magistrate Judge's order. Although the judge attempted to dissuade her, she maintained that the court did not have the authority to order her to sit for a deposition. After considering the factors prescribed by Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the Magistrate Judge found that any sanction short of dismissal would be ineffective. Therefore, she recommended that the District Court dismiss the complaint. The Magistrate Judge also recommended that Lee be ordered to reimburse Sunrise for the costs it incurred in connection with the December 16, 2010 deposition. By order entered April 13, 2011, the District Court adopted that recommendation. Lee sought reconsideration, but the District Court denied her request.

In the meantime, Lee filed several motions with the District Court seeking summary judgment on her claims. The District Court denied each of her requests as premature given the incomplete state of discovery.

Lee now appeals from the District Court's orders.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review

the District Court's April 13, 2011 order for abuse of discretion. Bowers v. Nat'l

Collegiate Athletic Ass'n, 475 F.3d 524, 538 (3d Cir. 2007). We also review the District

Court's order denying Lee's motion for reconsideration for abuse of discretion. See

Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Our review of the District

Court's orders denying summary judgment is plenary. Miller v. Beneficial Mgmt. Corp.,

977 F.2d 834, 841 (3d Cir. 1992).

Upon review, we conclude that the District Court acted within its discretion when

it dismissed Lee's case.[1] We evaluate the Court's exercise of discretion by examining

how it balanced the factors set forth in Poulis. These factors are: (1) the extent of the

party's personal responsibility; (2) the prejudice to the adversary caused by the failure to

comply with court orders; (3) a history of dilatoriness; (4) whether the conduct of the

party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal;

and (6) the meritoriousness of the claim or defense. Poulis, 747 F.2d at 868.

First, Lee was proceeding pro se when she refused to attend the court-ordered

deposition, and does not blame her other discovery violations on her former attorney.

_____

[1] In her brief, Lee does not specifically challenge the District Court's decision to impose sanctions in the amount of $1,556.39. In any event, we conclude that the court acted within its discretion in this regard. See Fed. R. Civ. P. 37(d)(3) (explaining that the court must require a party who is being sanctioned for failing to appear for a properly noticed deposition to pay reasonable expenses, including attorney's fees, caused by the failure to appear, "unless the failure was substantially justified or other circumstances make an award of expenses unjust").

4

Therefore, she is fully responsible for her conduct. See Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008). Further, it is clear that Lee's conduct prejudiced the defendants by impeding their efforts to resolve this case, causing them to file unnecessary motions, and requiring them to incur extra expenses. See Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). As detailed above, Lee also has a history of dilatoriness in cooperating with the discovery process in this case. See Poulis, 747 F.2d at 868. In addition, because Lee has made clear that she has no intention to submit to a deposition in this case, we agree with the court that any sanction other than dismissal would have been ineffective in these circumstances. See id. at 869. Finally, we have reviewed the record and cannot say that the District Court abused its discretion in doubting the meritoriousness of Lee's Title VII claims. Given that the District Court carefully considered the Poulis factors and that its findings are supported by the record, we conclude that the court did not abuse its discretion in dismissing the case.

Furthermore, the District Court did not abuse its discretion in denying Lee's motion for reconsideration. To prevail on a motion for reconsideration, a litigant must demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). In her motion to reconsider, Lee argued that the court overlooked "newly discovered evidence" of Sunrise's own discovery abuses, that the Magistrate Judge's finding that she failed to attend her deposition was "false," and that the court's sanctions

5

were "inappropriately harsh." As the District Court explained, none of these arguments provided a persuasive basis for reconsideration.

Finally, it was not error for the District Court to deny Lee's motions for summary judgment on the ground that discovery had not yet been completed. See, e.g., Miller, 977 F.2d at 845-46 (reversing grant of summary judgment as premature where several depositions remained to be taken).

III.

For the foregoing reasons, we will affirm.